FILED

MAR 09 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO FRANCISCO MENDOZA, | No. C 15-5620 LHK (PR) |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| KIM HOLLAND, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. For the reasons that follow, the court orders respondent to show cause why the petition should not be granted.

## DISCUSSION

A.     Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is

appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.    Petitioner's Claims

Petitioner claims that: (1) his pre-trial statements were improperly admitted, in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), and the prosecution failed to produce transcripts, in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963); (2) trial counsel rendered ineffective assistance by failing to investigate petitioner's *Miranda* claim; (3) petitioner was denied a meaningful opportunity to present a defense when the prosecution failed to disclose its intent to call an expert witness; (4) appellate counsel rendered ineffective assistance by failing to raise Claims 1-3 on appeal; (5) CALCRIM No. 1110 negated a necessary element from the crime of committing a lewd or lascivious act; (6) the trial court failed to *sua sponte* instruct the jury that Officer Meroney's testimony on Child Sexual Abuse Accommodation Syndrome could not be used to determine whether the victim's molestation claims were true, and trial counsel was ineffective for failing to request that instruction; and (7) the cumulative effect of the errors in Claims 5 and 6 violated petitioner's right to due process. The court orders respondent to show cause why the petition should not be granted as to these claims.

## CONCLUSION

1.    The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto (docket nos. 1 and 2) upon the respondent and the respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner.

2.    Respondent shall file with the court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the

answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

4. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 3/8/2016

Lucy H. Koh
LUCY H. KOH
United States District Judge