FILED

JAN 10 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO FRANCISCO MENDOZA,<br>Petitioner,<br>v.<br>KIM HOLLAND, Warden,<br>Respondent. | Case No. 15-CV-05620 LHK (PR)<br>**ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE**<br>Re: Dkt. No. 13 |

Petitioner, a California state prisoner proceeding pro se, filed a federal petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, raising seven claims. In lieu of an answer, respondent filed a motion to dismiss Claims 1-3 as procedurally barred. Petitioner filed an "objection," which the court construes as his opposition, and respondent filed a reply. On October 27, 2016, the court agreed that the California state courts had denied Claims 1-3 pursuant to an independent and adequate state procedural bar. However, petitioner argued that he should be excused from procedural default because he could demonstrate cause and actual prejudice. The court directed respondent to respond to petitioner's argument by filing a supplemental reply, along with any relevant portions of the trial record. Respondent has filed his supplemental reply. For

Case No. 15-CV-05620 LHK (PR)
ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE

the reasons that follow, the court DENIES the motion to dismiss without prejudice.

## DISCUSSION

In the petition, petitioner raised the following claims: (1) his pre-trial statements were improperly admitted, in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), and the prosecution failed to produce transcripts, in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963); (2) trial counsel rendered ineffective assistance by failing to investigate petitioner's *Miranda* claim; (3) petitioner was denied a meaningful opportunity to present a defense when the prosecution failed to disclose its intent to call an expert witness; (4) appellate counsel rendered ineffective assistance by failing to raise Claims 1-3 on appeal; (5) CALCRIM No. 1110 negated a necessary element from the crime of committing a lewd or lascivious act; (6) the trial court failed to *sua sponte* instruct the jury that Officer Meroney's testimony on Child Sexual Abuse Accommodation Syndrome could not be used to determine whether the victim's molestation claims were true, and trial counsel was ineffective for failing to request that instruction; and (7) the cumulative effect of the errors in Claims 5 and 6 violated petitioner's right to due process.

A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question, and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). In those cases in which the state court decision is based on an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* at 750.

As stated, the court has already determined, and petitioner does not dispute, that the state court's denial of Claims 1-3 based on *In re Harris*, 5 Cal.4th 813, 826-27 (1993), and *In re Dixon*, 41 Cal.2d 756, 759 (1953), was an independent and adequate state procedural bar. But petitioner contends that he can establish cause and prejudice. Specifically, petitioner argues that appellate

Case No. 15-CV-05620 LHK (PR)
ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE

counsel was ineffective for failing to raise Claims 1-3 on appeal. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("constitutionally ineffective assistance of counsel . . . is cause for a procedural default.").

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Id.* In other words, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). While attorney error may be sufficient to establish "cause," attorney error short of ineffective assistance of counsel does not establish cause for a procedural default. *Id.* at 494; *Murray*, 477 U.S. at 488. Claims of ineffective assistance of appellate counsel are analyzed according to the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must show that counsel's performance was objectively unreasonable, which in the appellate context requires the petitioner to demonstrate that counsel acted unreasonably in failing to discover and brief a merit-worthy issue. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Second, the petitioner must show prejudice, which in this context means that the petitioner must demonstrate a reasonable probability that, but for appellate counsel's failure to raise the issue, the petitioner would have prevailed in his appeal. *Id.* at 285-86.

Here, respondent states that appellate counsel filed an appellate brief and reply brief in state court. On direct appeal, appellate counsel did not raise Claims 1-2 herein, but raised claims challenging a jury instruction; alleging that a limiting instruction should have been given; arguing that trial counsel was ineffective for failing to request that limiting instruction; and raising a claim of cumulative error. Respondent argues that the "record suggests that federal claims 1 through 3 were not preserved with contemporaneous objections by trial counsel." Dkt. No. 18 at 4. However, a brief look at petitioner's petition shows that, with respect to petitioner's claim regarding the prosecution's failure to disclose its intent to call an expert witness (Claim 3), defense

Case No. 15-CV-05620 LHK (PR)
ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE

counsel did in fact object, and was overruled. Dkt. No. 2 at 32, 38.

The court recognizes that petitioner has the burden of proof to demonstrate cause and prejudice. Unfortunately, respondent has not yet provided the relevant portions of the trial record. Based on the record before it, the court cannot confirm whether trial counsel indeed preserved petitioner's defaulted claims; determine whether appellate counsel rendered deficient performance for failing to raise those claims on appeal; or assess whether petitioner was prejudiced by appellate counsel's failure to raise these claims. In sum, the court does not have enough information to rule on the issue of whether appellate counsel's failure to raise Claims 1-3 establishes cause or prejudice. Given that Claim 4 of the petition alleges ineffective assistance of appellate counsel for the failure to present these defaulted Claims 1-3, the court will DENY respondent's motion without prejudice. Respondent may renew his motion when he files his answer with supporting evidence that more fully addresses Claim 4.

## CONCLUSION

Accordingly, the motion to dismiss is DENIED without prejudice to renewal in conjunction with respondent's answer.

Respondent shall file with the court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the

Case No. 15-CV-05620 LHK (PR)
ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE

document to respondent's counsel.  Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 1/10/2017

LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 15-CV-05620 LHK (PR)
ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE